COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| GUSTAVO CAMPOS, | § | No. 08-12-00258-CV |
| Appellant, | § | Appeal from the |
| v. | § | 383rd District Court |
| ELSA CAMPOS, | § | of El Paso County, Texas |
| Appellee. | § | (TC# 2008CM1005) |
|  | § |  |

## <u>MEMORANDUM   OPINION</u>

Gustavo Campos is attempting to appeal the trial court's judgment in his divorce case. Because Campos failed to file a timely notice of appeal, we dismiss the appeal.

On August 9, 2012, Campos filed his notice of appeal with the trial court.   By letter dated August 10, 2012, the Clerk of this Court advised Campos that, although he had filed his notice of appeal, his appeal would be dismissed nonetheless for lack of jurisdiction because his notice was untimely and that he had ten days to establish why his appeal should not be dismissed.   Campos responded by filing an Amended Notice of Appeal, in which he asserts that "[a] Notice of Appeal was timely filed on August 9, 2012."

A timely notice of appeal is necessary to invoke this Court's jurisdiction.   TEX.R.APP.P. 25.1(b); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001).   Because Campos timely filed a motion for new trial, his notice of appeal was due on July l, 2012 – 90 days after the date the trial court signed its judgment on April 2, 2012.[1]   *See* TEX.R.APP.P. 26.1(a)(1)(notice of appeal

---

[1] There is some inconsistency regarding the date the trial court signed the divorce decree from which Campos appeals.

due within 90 days from the date of judgment if a motion for new trial is filed). As noted above, Campos filed his notice of appeal on August 9, 2012. To have obtained an extension of time to file his notice of appeal, Campos was required to have filed both his notice of appeal and a motion for extension of time within 15 days of the date his notice of appeal was due. *See* TEX.R.APP.P. 26.3 (permitting appellate court to extend the time to file notice of appeal under these circumstances). However, Campos failed to do so. Therefore, contrary to Campos's assertion in his Amended Notice of Appeal, his notice of appeal was not timely. Accordingly, we dismiss the appeal for want of jurisdiction. *See* TEX.R.APP.P. 42.3(a)(permitting appeals court, on its own initiative, to dismiss appeal for want of jurisdiction).


August 29, 2012

                                CHRISTOPHER ANTCLIFF, Justice

Before McClure, C.J., Rivera, and Antcliff, JJ.

---

In her docketing certificate, the district clerk identifies the date as April 4, 2012. Campos, on the other hand, identifies the date as April 2, 2012 in his notice of appeal and as March 28, 2012 in his amended notice of appeal. Although we decided this case based on the date Campos identifies in his notice of appeal – April 2, 2012 – we note that even had we decided this case based on the date the district clerk identifies in her docketing certificate – April 4, 2012 – the outcome would have been identical.